**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| RONALD WILSON,           ) | |
|     Plaintiff,           ) | |
| vs.                                    ) | No. 3:13-CV-1227-P-BH |
|                             ) | |
| THOMAS J. LOCHRY, et. al,   ) | |
|     Defendants.          ) | Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to *Special Order No. 3-251*, this case has been automatically referred for pretrial management. Based on the relevant filings and applicable law, Plaintiff's federal claims should be dismissed as frivolous, and the Court should decline to exercise supplemental jurisdiction over Plaintiff's state law claims.

**I. BACKGROUND**

Ronald Wilson (Plaintiff) sues attorney Thomas J. Lochry and state district judge Teresa Hawthorne in connection with a criminal action against his partner, Patrick Brooks. (Compl. at 1; Magistrate Judge's Questionnaire Answers[1] (MJQ Ans.) 1, 2.) Plaintiff claims that the defendants violated his constitutional rights under the First, Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments in violation of 42 U.S.C. §§ 1983, 1985, 1986 and 1988, as well as rights guaranteed by the Texas Constitution and the Texas Rules of Criminal Procedure. (Compl. at 2; MJQ Ans 1.)

Plaintiff claims attorney Lochry refused to adequately communicate with him, refused to take actions requested by Plaintiff, and thereby subjected his partner to a five-year probated sentence. (MJQ Ans. 1.) Plaintiff also claims that Judge Hawthorne denied him access to the courts, abused her authority and the public trust, committed misconduct, and physically assaulted him in her

---

[1] Plaintiff's answers to the questionnaire constitute an amendment to the complaint. *See Macias v. Raul A. (Unknown), Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994).

chambers by brushing up against him and grabbing legal documents when he attempted to file *pro se* documents in his partner's criminal case. (MJQ Ans. 2.) The judge ordered that his documents not be filed in the case because Plaintiff was not an lawyer and did not represent his partner, and she threatened to have him arrested for trespassing. *Id.* Plaintiff claims he represents numerous ethnic minorities who have been suffering, and will suffer, from the defendants' racism. (MJQ Ans. 1, 2.) He seeks one billion dollars in monetary damages. (*Id.;* Compl. at 1.) No process has been issued in this case.

## II. PRELIMINARY SCREENING

Because Plaintiff is proceeding *in forma pauperis*, his complaint is subject to judicial screening under 28 U.S.C. § 1915(e)(2). That statute provides for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief. A claim is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A claim lacks an arguable basis in fact when it describes "fantastic or delusional scenarios." *Id.* at 327-28. Courts

> may dismiss a claim as factually frivolous only if the facts alleged are clearly baseless, a category encompassing allegations that are fanciful, fantastic, and delusional. As those words suggest, a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them.

*Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (citations and internal quotation marks omitted). A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544,

2

570 (2007).[2]

## III. FEDERAL CIVIL RIGHTS CLAIMS

Plaintiff claims the defendants violated his rights under various civil rights statutes, including 42 U.S.C. §§ 1983, 1985, 1986, and 1988.

**A.     Judge Hawthorne**

Plaintiff Judge Hawthorne in connection with her handling of a criminal case filed against his partner.

The Supreme Court has recognized absolute immunity for judges acting in the performance of their judicial duties. *See Nixon v. Fitzgerald*, 457 U.S. 731, 745–46 (1982). Judges are immune from suit for damages resulting from any judicial act unless performed in "the clear absence of all jurisdiction." *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991). Allegations of bad faith or malice do not overcome judicial immunity. *Mireles*, 502 U.S. at 11. In determining whether a judge acts outside of her judicial capacity, courts should consider whether: (1) the precise act complained of is a normal judicial function; (2) the acts occurred in the courtroom or appropriate adjunct spaces such as the judge's chambers; (3) the controversy centered around a case pending before the court; and (4) the acts rose out of a visit to the judge in her official capacity. *Malina v. Gonzales*, 994 F.2d 1121, 1124 (5th Cir. 1993). If these factors are answered in the affirmative, it favors immunity. *Id*.

Here, Plaintiff does not assert that Judge Hawthorne acted without jurisdiction. He

---

[2] The analysis for determining whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is the same as the one employed under Fed. R. Civ. P. 12(b)(6). *See Fierro v. Knight Transp.*, No. EP-12-CV-218-DCG, 2012 WL 4321304, at *7 (W.D. Tex. Sept. 18, 2011), slip copy, (citing *Hale v. King*, 642 F.3d 492, 497 (5th Cir. 2011) (per curiam) (applying the same standard of review applicable to dismissals under Rule 12(b)(6) for screening dismissals under § 1915(e)(2)(B)(ii)); *Holt v. Imam*, No. C-07-406, 2008 WL 1782351, at *2 (S.D. Tex. Apr. 17, 2008), (citing *Black v. Warren*, 134 F.3d 732, 733-34 (5th Cir. 1998) (noting that § 1915A(b)(1), § 1915(e)(2)(B)(ii), and Rule 12(b)(6) all employ the same language—"failure to state a claim upon which relief may be granted").

complains of her actions in her courtroom and chambers, after he visited her court in an attempt to file documents in a pending case. Determining whether Plaintiff, a non-lawyer, could file legal documents on behalf of his partner in a criminal case pending before her is a normal judicial function. Her actions were therefore taken in her role as a judge over Plaintiff's partner's criminal case. Judge Hawthorne is absolutely immune from all federal claims asserted against her, and they should be dismissed. *See Nixon*, 457 U.S. at 745–46.

**B.    Attorney Lochry**

Plaintiff also sues his partner's court-appointed criminal defense attorney based on the manner in which he represented the partner in the criminal case.

*1.    § 1983*

Section 1983 "provides a federal cause of action for the deprivation, under color of law, of a citizen's 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Livadas v. Bradshaw*, 512 U.S. 107, 132 (1994). To state a claim, Plaintiff must allege facts that show (1) he has been deprived of a right secured by the Constitution and the laws of the United States and (2) the deprivation occurred under color of state law. *See Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978); *Cornish v. Corr. Servs. Corp.*, 402 F.3d 545, 549 (5th Cir. 2005).

It is well-established that a court-appointed attorney does not act under color of state law in representing a defendant at trial or on direct appeal. *See Polk County v. Dodson*, 454 U.S. 312, 325 (1981) (holding that "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding); *Mills v. Crim. Dist. Ct. No. 3*, 837 F.2d 677, 679 (5th Cir. 1988) (holding that "private attorneys, even court-appointed attorneys, are not official state actors, and generally are not subject to suit under section

4

1983"). Although a private party may be acting "under color of state law" and be held liable under § 1983 in certain circumstances, *see Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 152 (1970); *Wong v. Stripling*, 881 F.2d 200, 202 (5th Cir. 1989).

Here, Plaintiff has made no allegation that his partner's attorney was a state actor. He only complains that he did not communicate with him or take adequate action in his partner's case. Plaintiff has failed to state a viable claim under § 1983 against his partner's attorney.

### 2.   § 1985

"Title 42 U.S.C. § 1985, part of the Civil Rights Act of 1871, creates a private civil remedy for three prohibited forms of conspiracy to interfere with civil rights under that section." *Montoya v. FedEx Ground Package Sys., Inc.*, 614 F.3d 145, 149 (5th Cir. 2010). The only form of alleged conspiracy that appears to be applicable in this case is a conspiracy to deprive any person or class of persons of the equal protection of the law, or of equal privileges and immunities under the law. *See* 42 U.S.C. § 1985(3). To state a claim under § 1985(3), Plaintiff must allege: (1) a conspiracy of two or more persons; (2) for the purpose of depriving, directly or indirectly, a person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and (3) an act in furtherance of the conspiracy; (4) which causes injury to a person or property, or deprives her of a right or privilege of a United States citizen. *See Hilliard v. Ferguson*, 30 F.3d 649, 652–53 (5th Cir. 1994); *Deubert v. Gulf Fed. Sav. Bank*, 820 F.2d 754, 757 (5th Cir. 1987). He must further allege that the conspirators were motivated by his race. *Horiast v. Doctor's Hosp. Of Opelousas*, 255 F.3d 261, 271 (5th Cir. 2001).

Plaintiff makes only a conclusory allegation that his partner's attorney conspired with others to deprive him of his civil rights. (See MJQ Ans. 1.)  In addition, his claims that the attorney was

5

motivated by "white hatred", he is a "white 'nasty racist, bias, and prejudice child molester sexual predator, and corrupted thuggish devil", and thousands of minorities will suffer as a result, are fanciful, fantastic, delusional, irrational and wholly incredible. Plaintiff has not stated a viable claim against him under § 1985 because of the method in which he represented Plaintiff's partner. This claim is frivolous and should be dismissed.

    3.    § 1986

Section 1986 "extends liability in damages to those persons 'who, having knowledge that any of the wrongs conspired to be done, and mentioned in section 1985 ... are about to be committed, and having power to prevent or aid in preventing the commission of the same, (neglect or refuse) so to do ....'" *Bradt v. Smith*, 634 F.2d 796, 801–02 (5th Cir. 1981) (citing 42 U.S.C. § 1986) (parenthesis in *Bradt*). "This section on its face requires the existence of a valid claim under § 1985." *Id.* (citation omitted). As discussed, Plaintiff has failed to state a claim under § 1985. Accordingly, he has also failed to state a claim upon which relief may be granted under § 1986.

    4.    § 1988

Plaintiff also sues under 42 U.S.C. § 1988. That section provides for the award of reasonable attorney's fees to the prevailing party in a suit brought under various statutes, including §§ 1983, 1985, and 1986. Because Plaintiff has failed to state a viable claim under any of these statutes, attorney's fees are not warranted, even if he were not proceeding *pro se*.

### IV. STATE LAW CLAIMS

Plaintiff asserts that the defendants violated certain rights guaranteed by the Texas Constitution and the Texas Rules of Criminal Procedure. (Compl. at 2).

Federal courts may exercise supplemental jurisdiction over state claims in any civil action

6

in which the court has original jurisdiction. 28 U.S.C. § 1367(a). However, whether to exercise such jurisdiction after dismissing the underlying federal claims is a matter left to the sound discretion of the Court. *See United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966); *Heaton v. Monogram Credit Card Bank*, 231 F.3d 994, 997 (5th Cir. 2000). When the Court dismisses the federal claims at a preliminary stage of litigation, judicial economy argues against the exercise of pendent or supplemental jurisdiction over state claims. *See LaPorte Constr. Co. v. Bayshore Nat'l Bank*, 805 F.2d 1254, 1257 (5th Cir. 1986). Because Plaintiff's federal claims are subject to dismissal as frivolous, his state law claims should be dismissed without prejudice to pursuing them in state court. *See Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988).

## V.  RECOMMENDATION

Plaintiff's federal claims should be **DISMISSED** with prejudice pursuant to 28 U.S.C. § 1915(e)(2). The Court should decline to exercise supplemental jurisdiction over Plaintiff's state law claims, and these claims should be **DISMISSED** without prejudice to him pursuing them in state court.

**SIGNED this 24th day of May, 2013.**

*/s/ Irma Carrillo Ramirez*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

7

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

8